IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01535-GPG

LEON BARTLETT,

    Plaintiff,

v.

RICK RAEMISCH, Executive Director of DOC,
MICHAEL MILLER, Warden, Superintendent of DOC,
MS. AMIE HAMPTON, Case Manager of CDOC,
MS. TAYLOR, Case Manager of CDOC, and
MS. LAURA EATON, CDOC Mail Room Distributor at CCCF,

    Defendants.

___

ORDER TO AMEND

___

On July 20, 2015, Plaintiff Leon Bartlett filed a Prisoner Complaint.  Plaintiff is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado.  Pursuant to 28 U.S.C. § 1915A and to D.C.COLO.LCivR 8.1(b)(2) and (3), this Court is required to review the pleadings of a prisoner, whether he is represented by counsel or not, when he is challenging prison conditions and seeking redress from a governmental entity, officer or employee, to determine if the pleadings should be summarily dismissed. Pursuant to this Court's initial review and the following findings, Plaintiff will be directed to amend the Complaint.

First, the Complaint is deficient because Plaintiff has failed to state specifically what Defendants have done to violate his constitutional rights pursuant to 42 U.S.C.

§ 1983. To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff also is required to assert personal participation by each named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant also may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the

complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Finally, Plaintiff cannot maintain claims against prison officials or administrators on the basis that they denied his grievances. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

The Court, therefore, will direct Plaintiff to submit an Amended Complaint that complies with the findings of this Order. Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. Plaintiff must use a Court-approved form to file the Amended Prisoner Complaint. It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this Order, within the time allowed, the Court will dismiss the action without further notice.

DATED August 3, 2015, at Denver, Colorado.

                                      BY THE COURT:

                                      S/ Gordon P. Gallagher

                                      _____
                                      United States Magistrate Judge