IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01535-GPG

LEON BARTLETT,

    Plaintiff,

v.

RICK RAEMISCH, Executive Director DOC,
MICHAEL MILLER, Warden, Superintendent of DOC,
MS. TAYLOR, Case Manager, DOC,
MS. AMIE HAMPTON, Case Manager, DOC, and
MS. LAURA EATON, Mailroom Distributor at CCCF, DOC,

    Defendants.

---

ORDER TO DRAW IN PART AND TO DISMISS IN PART

---

Plaintiff Leon Bartlett is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Plaintiff initiated this action by filing *pro se* a Prisoner Complaint alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 and 28 U.S.C.§ 1343. Plaintiff also has filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 that has been granted.

On August 3, 2014, Magistrate Judge Gordon P. Gallagher directed Plaintiff to amend the Complaint and state how each responsible defendant participated in any alleged constitutional violations. Plaintiff was instructed that a defendant may not be

1

held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior and that, to state a claim against a government official for conduct that arises out of supervisory responsibilities, Plaintiff must assert that the official is responsible for creating, implementing, or the continued operation of a policy and that the official caused a harm and acted with the state of mind required to establish the alleged deprivation. Furthermore, Plaintiff was instructed that he cannot maintain a claim against prison officials or administrators on the basis that they denied his grievances.

Plaintiff filed an Amended Complaint on August 19, 2015. In the Amended Complaint, Plaintiff asserts three claims. In Claim One, and in part under C. Nature of the Case section of the Amended Complaint, Plaintiff alleges that Defendants Taylor, Hampton, and Eaton illegally held his mail for three months in violation of his Fourteenth Amendment rights. In Claim Two, Plaintiff alleges official misconduct and excusable neglect regarding the holding and opening of legal mail, but he does not assert specific supporting facts and state personal participation by any named defendant in this claim. In Claim Three, Plaintiff alleges a violation of DOC Administrative Regulation 300-38 and contends that Defendant Raemisch is responsible for the implementation of this regulation. Plaintiff seeks money damages and possibly injunctive and declaratory relief.

Because Plaintiff has been granted leave to proceed pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915, under § 1915(e)(2)(B)(i), the Court must dismiss the action or any claims if the claims are frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not

exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  Factual frivolousness includes allegations that are "clearly baseless," "fantastic," or "delusional."  *Id.*

For the reasons stated below, the Complaint and action will be dismissed in part as legally frivolous and in part for failure to comply with a Court order.

Claim One, construed liberally as a First Amendment claim, will be ordered drawn to a presiding judge and when applicable to a magistrate judge.  Claim Two will be dismissed because Plaintiff fails to assert personal participation by any named defendant in the alleged opening and holding of his legal mail as he was directed to do by Magistrate Judge Gallagher in the August 3, 2015 Order to Amend.

Finally, Claim Three will be dismissed as legally frivolous for the following reasons.  Magistrate Judge Gallagher, in the Order to Amend, instructed Plaintiff as follows:

> A defendant also may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,
>
> > when a plaintiff sues an official under Bivens or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.
>
> *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

3

Nothing Plaintiff asserts in Claim Three indicates that Defendant Raemisch has promulgated, created, implemented, or possessed responsibility for a policy that caused the withholding of Plaintiff's mail.  In fact, Plaintiff relies on AR 300-38 for a finding that Defendants Taylor, Hampton, and Eaton violated the regulation and in doing so violated the Fourteenth Amendment.  Plaintiff, furthermore, fails to state facts that would support a finding that Defendant Raemisch by virtue of his own conduct and state of mind violated AR 300-38 and as a result violated Plaintiff's constitutional rights.  Claim Three and Defendant Raemisch therefore, will be dismissed as legally frivolous.

The Court also notes that because Plaintiff fails to assert any claims against Defendant Michael Miller he will be dismissed from the action.  Accordingly, it is

ORDERED that Claim Three is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous.  It is

FURTHER ORDERED that Claim Two is dismissed without prejudice for failure to comply with a Court order.  It is

FURTHER ORDERED that Defendants Rick Raemisch and Michael Miller are dismissed as parties to this action.  It is

FURTHER ORDERED that Claim One as asserted against Defendants Ms. Taylor, Ms. Amie Hampton, and Ms. Laura Eaton shall be drawn to a presiding judge and when applicable to a magistrate judge.

DATED at Denver, Colorado, this  26th  day of   August  , 2015.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court